# IN THE COURT OF APPEALS OF IOWA

No. 18-0093
Filed March 7, 2018

**IN THE INTEREST OF M.F.,**
**Minor Child,**

**N.F., Mother,**
          Appellant.
_____


          Appeal from the Iowa District Court for Polk County, Rachael E. Seymour,

District Associate Judge.


          A mother appeals the termination of her parental rights to her child.

**AFFIRMED.**


          Judy D. Johnson of Borseth Law Office, Altoona, for appellant mother.

          Thomas J. Miller, Attorney General, and Gretchen Witte Kraemer, Assistant

Attorney General, for appellee State.

          Lynn M. Vogan of Youth Law Center, Des Moines, guardian ad litem for

minor child.


          Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**VOGEL, Presiding Judge.**

The mother appeals the district court's termination of her parental rights to her child, M.F. She asserts the State failed to prove by clear and convincing evidence her rights should be terminated pursuant to Iowa Code section 232.116(1)(e) and (h) (2017), termination is not in the child's best interest, and her bond with the child should preclude termination. Because the mother failed to correct the many circumstances in her life that put the child at risk, we affirm the order of the district court.

## I. Background Facts and Proceedings

This family came to the attention of the Iowa Department of Human Services (DHS) after M.F. was born, testing positive for cannabinoids in his system. While the mother was at the hospital following the child's birth, her paramour had to be removed from the hospital by security for yelling and screaming at the mother. After the mother was discharged from the hospital, the paramour threatened the mother at her residence, and he later admitted to beating the mother while she was pregnant. On January 11, 2017, just seven days after M.F. was born, the DHS attempted to remove M.F. from the mother's care. However, the mother would not consent to removal, and she fled suddenly with the child and was not located for two days. Once located, M.F. was removed and placed with a foster family.

On February 14, the mother stipulated to M.F.'s adjudication as a child in need of assistance (CINA) under Iowa Code section 232.2(6)(c)(2), (n), and (o). The DHS provided services, including substance-abuse evaluations and treatment, mental-health evaluations and treatment, and domestic-violence

counselling. Following the CINA adjudication, the mother complied with substance-abuse services until April when she abruptly stopped, describing the counselor as "rude and inappropriate." She eventually entered another treatment program in May, but her attendance was sporadic. She entered an inpatient treatment program in mid-June but was dismissed from the program in mid-July because of a poor attitude, defacing property, and stealing. The mother attended three or four mental-health appointments from April to July. The mother also received domestic-violence services, but the last record of her attendance was in April.

Following the July 14 permanency hearing, the mother avoided her DHS caseworker. The mother did not notify the DHS that she was staying at her sister's apartment or that she had been the passenger in a car her abusive paramour was driving while a no-contact order remained in effect. The DHS worker only discovered these events after randomly seeing and conversing with the mother at a shopping mall. With little if any progress towards reunification being made, the State moved to terminate the mother's parental rights. A contested hearing was held on October 11, 2017, after which the district court terminated the mother's parental rights to M.F. under Iowa Code section 232.116(1)(e) and (h).[1] The mother appeals.

## II. Standard of Review

We review termination proceedings de novo. *In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014). Weight is given to the juvenile court's factual findings, especially

---

[1] The parental rights of the father were terminated, but he does not appeal.

when considering the credibility of witnesses, but we are not bound by those findings. *Id.* Our primary consideration is the best interest of the child. *In re A.B.*, 815 N.W.2d 764, 776 (Iowa 2012). The grounds for termination must be proved by clear and convincing evidence. *Id.* at 774.

### III.    Statutory Grounds

"We may affirm the juvenile court's termination order on any ground that we find supported by clear and convincing evidence." *See In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010) (affirming termination under one of six independent grounds cited by juvenile court). The fourth element of Iowa Code section 232.116(1)(h) provides termination is warranted if "there is clear and convincing evidence that the child cannot be returned to the custody of [the mother] . . . at the present time." Iowa Code § 232.116(1)(h)(4).

In its ruling, the district court concluded:

> The child in interest cannot be returned to the custody of the child's [mother] as provided in Iowa Code section 232.102 at the present time due to mother's unresolved substance abuse issues, unresolved domestic violence issues, her lack of stable and safe housing, her untreated mental health issues, and continued association with unsafe persons.

The mother sporadically attended services, including substance-abuse treatment, mental-health therapy, and domestic-violence counselling. But any compliance with services was short lived. The mother was discharged from one substance abuse treatment facility in the middle of July for her destructive attitude and behavior. She then sporadically attended a few outpatient classes until the beginning of September, and eventually, she signed up for inpatient treatment on the day of the termination hearing, October 11. Despite this sporadic attendance,

the mother maintained contact with known drug users, continued to use illegal substances, and admitted to smoking marijuana the night before the termination hearing. Also, despite attending a domestic violence awareness class, the mother maintained contact with her paramour, against whom a no-contact order remained in effect. Additionally, the mother still lacks stable housing. The mother currently sleeps on the couch at her sister's apartment, and though the mother claims she could take M.F. there, the sister refused to allow the DHS to even enter the home.

Due to the mother's failure to address her substance-abuse, mental-health, and domestic-violence issues, along with her failure to obtain stable housing, we agree with the district court that there is clear and convincing evidence the child could not be returned to the mother at the time of the termination hearing.

## IV.     Best Interest

The mother also asserts the State did not prove by clear and convincing evidence termination of her parental rights was in the child's best interest. *See In re P.L.*, 778 N.W.2d 33, 40–41 (Iowa 2010). In making a best-interest determination, we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2). In concluding termination was in the child's best interest, the district court stated:

> [The mother] has [not] demonstrated [she is] willing or able to fulfill this parental role. The evidence shows mother continues to have unresolved substance abuse, mental health, domestic violence issues and unstable housing. Mother['s] testimony revealed her complete lack of insight into her decisions and how they negatively impact this child's safety and future. It is not in this child's best

interest to continue to suspend the crucial days of childhood while [the mother] experiments with ways to face up to [her] own problems.

M.F. has been safely cared for in his foster family since he was about one-week old. Due to mother's inability to make the necessary changes in her life to safely parent M.F., we agree with the district court it is in M.F.'s best interest to terminate the mother's parental rights.

Moreover, the court also considered whether any bond between M.F. and the mother would weigh against termination. *See Id.* § 232.116(3)(c). Such a consideration is permissive and not mandatory. *See P.L.*, 778 N.W.2d at 39. Due to M.F.'s young age and early placement with a foster family, the district court found the bond between the mother and M.F. was a "diminished attachment." We agree with the district court; any perceived bond should not preclude termination.

## V.     Conclusion

Because the mother has not addressed the factors that led to M.F.'s removal and M.F. could not be safely returned to the mother, termination is in the child's best interest. Also, due to M.F.'s young age, there are no factors that would preclude termination.

**AFFIRMED.**